# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

JAYLA CARTER, STEPHEN ALBERT,
NICHOLAS HOWELLS, TONIA LEWIS,
and, PRESTON MACK

and all others similarly-situated

      Plaintiffs,

v.

DESTRIER CONSULTING SERVICE LLC.
d/b/a FRESH STUDENT
a Florida limited liability company
and CASEY COCHRAN, individually

      Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiffs, JAYLA CARTER, STEPHEN ALBERT, NICK HOWELLS, TONIA LEWIS, and PRESTON MACK (hereinafter referred to as "Plaintiffs"), by and through the undersigned attorney, hereby file this Complaint against DESTRIER CONSULTING SERVICE LLC (hereinafter "Defendant DESTRIER") and CASEY COCHRAN (hereinafter "Defendant COCHRAN") and as grounds hereby state as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid wages, liquidated damages, and attorney's fees.

2. This is an action for damages as a result of wages owed, and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA").

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. § 216(b).

4. Plaintiffs CARTER, ALBERT, and LEWIS are residents of Palm Beach County, Florida.

5. Plaintiff HOWELLS is a resident of St. Lucie County, Florida.

6. Plaintiff MACK is a resident of Broward County, Florida.

7. Defendant DESTRIER is a Florida limited liability company.

8. Defendant DESTRIER has a principal place of business at 766 SE 5th Ave, Delray Beach, Palm Beach County, Florida.

9. Defendant COCHRAN is a resident of Palm Beach County, Florida.

10. Venue is proper because Defendants have locations in Palm Beach County, Florida; Plaintiffs were employed and had dealings with Defendants in Palm Beach County, Florida.

## JOINT EMPLOYER – OPERATIONAL CONTROL

11. At all times relevant hereto, Defendant DESTRIER engaged in the following: (1) processing paychecks to the Plaintiffs, (2) controlling the amount of wage payments made to Plaintiffs, (3) providing tax documents to the Plaintiffs, (4) directing the work of the Plaintiffs.

12. Defendant DESTRIER is a joint employer of Plaintiffs together with Defendant COCHRAN as that term is defined under the FLSA.

13. At all times relevant hereto, Defendant COCHRAN had operational control in that he was involved with the day-to-day business operations of Defendant DESTRIER in that: (i) he oversaw the general management of the company, (ii) oversaw the payroll and finances for the company, (iii) was otherwise responsible for the payment

of wages to Plaintiffs, and (iv) he was managing member of the corporation. (See Exhibit A – Electronic Articles of Organization)

14. Defendant COCHRAN is a joint employer of Plaintiffs together with Defendant DESTRIER as that term is defined under the FLSA.

## COMMON ALLEGATIONS

15. Plaintiffs were employed or are employed with Defendants.

16. As a result of cash flow shortages, Plaintiffs were not paid the agreed upon wage beginning March 3, 2014, up to and including, their separation with Defendants.

17. Defendants failed to pay Plaintiffs mandatory wages as required under state and federal law.

18. Defendant DESTRIER has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

19. Defendant DESTRIER, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

20. Plaintiffs anticipate other similarly situated plaintiffs to join this case who were also employed or are employed with Defendants.

## INDIVIDUAL ALLEGATIONS

JAYLA CARTER

21. Plaintiff CARTER was employed by Defendant from on or about October 18, 2013, up to and including, her separation on or about March 26, 2014.

22. Plaintiff CARTER was employed as a Receptionist / Processor with duties that included: answering telephones, communicating with lenders, and inputting customer and lender data into Defendant's computer systems.

23. Plaintiff CARTER worked from March 3, 2014, up to an including, March 26, 2014, without pay.

24. Plaintiff CARTER worked a total of 91.33 hours from March 3, 2014, up to and including March 26, 2014.

25. Defendant agreed to pay Plaintiff CARTER $12.50 for every hour she worked.

26. Defendant failed to pay Plaintiff CARTER for work she performed from March 3, 2014, up to an including, March 26, 2014. As such, Plaintiff CARTER seeks $1,141.63 in back wages and an equal amount as liquidated damages.

STEPHEN ALBERT

27. Plaintiff ALBERT was employed by Defendant from 2013, up to and including, his separation on or about March 25, 2014.

28. Plaintiff ALBERT was employed in collections with duties that included: collecting payments and investigating cancellations.

29. Plaintiff ALBERT worked from March 3, 2014, up to an including, March 25, 2014 without pay.

30. Plaintiff ALBERT worked a total of 68.50 hours from March 3, 2014, up to and including March 25, 2014.

31. Defendant agreed to pay Plaintiff ALBERT $16.00 for every hour he worked.

32. Defendant failed to pay Plaintiff ALBERT for work he performed from March 3, 2014, up to an including, March 25, 2014. As such, Plaintiff ALBERT seeks $1,096.00 in back wages plus an equal amount as liquidated damages.

NICHOLAS HOWELLS

33. Plaintiff HOWELLS was employed by Defendant from on or about June 2013, up to and including, his separation on or about March 21, 2014.

34. Plaintiff HOWELLS was employed as a Fronter Manager.

35. Plaintiff HOWELLS worked from March 3, 2014, up to an including, March 21, 2014, without pay.

36. Defendant agreed to pay Plaintiff HOWELLS $750.00 per week.

37. Defendant failed to pay Plaintiff HOWELLS for work he performed from March 3, 2014, up to an including, March 21, 2014. As such, Plaintiff HOWELLS seeks $2,250.00 in back wages plus an equal amount as liquidated damages.

TONIA LEWIS

38. Plaintiff LEWIS was employed by Defendant from 2013, up to and including, his separation on or about March 25, 2014.

39. Plaintiff LEWIS was employed as an Opener with duties that included: answering telephones and speaking with customers about their student loans.

40. Plaintiff LEWIS worked from March 3, 2014, up to an including, March 25, 2014, without pay.

41. Plaintiff LEWIS worked a total of 127.50 hours from March 3, 2014, up to and including, March 25, 2014.

42. Defendant agreed to pay Plaintiff LEWIS $8.00 for every hour she worked.

43. Defendant failed to pay Plaintiff LEWIS for work she performed from March 3, 2014, up to an including, March 25, 2014. As such, Plaintiff LEWIS seeks $1,020.00 in back wages plus an equal amount as liquidated damages.

PRESTON MACK

44. Plaintiff MACK was employed by Defendant from 2013, up to and including, his separation on or about April 4, 2014.

45. Plaintiff MACK was employed as Manager / Trainer with duties that included: training employees, answering telephones and speaking with customers about their student loans.

46. Plaintiff MACK worked from March 3, 2014, up to an including, April 4, 2014, without pay.

47. Defendant agreed to pay Plaintiff MACK $400.00 weekly.

48. Defendant failed to pay Plaintiff MACK for work he performed from March 3, 2014, up to an including, April 4, 2014. As such, Plaintiff MACK seeks $2,000.00 in back wages plus an equal amount as liquidated damages.

**COUNT I**
**UNPAID WAGES**
**IN VIOLATION OF FLSA 29 U.S.C. § 206**
**AGAINST DEFENDANT DESTRIER CONSULTING SERVICE LLC**

Plaintiffs re-allege Paragraphs 1 through 48 as set forth herein.

49. Plaintiffs are covered employees entitled to minimum wage compensation for all hours worked.

50. Plaintiffs worked without the benefit of being paid the minimum wage as set forth in federal law.

51. Defendant DESTRIER failed to compensate Plaintiffs at least the minimum wage.

52. The Defendant DESTRIER's failure to properly compensate the Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 206.

53. Defendant DESTRIER's failure to pay Plaintiffs proper wages was the result of intentional, willful misconduct, such that Plaintiffs are entitled to minimum wage payments for the entire period of their employment.

54. Plaintiffs are also entitled to liquidated damages as set forth under the FLSA.

55. As a direct and proximate result of the Defendant DESTRIER's actions, Plaintiffs obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

56. As a direct and proximate result of the Defendant DESTRIER's actions, Plaintiffs have suffered damages.

57. As a result of Defendant DESTRIER's conduct, Plaintiffs are entitled to unpaid wages, liquidated damages, prejudgment interest, attorney's fees and other penalties

**WHEREFORE**, Plaintiffs pray that judgment be entered in their favor and against the Defendant DESTRIER as follows: That Plaintiffs be awarded back wages, liquidated damages, prejudgment interest; that Plaintiffs be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## COUNT II
## UNPAID WAGES
## IN VIOLATION OF FLSA 29 U.S.C. § 206
## AGAINST DEFENDANT CASEY COCHRAN

Plaintiffs re-allege Paragraphs 1 through 48 as set forth herein.

58. Plaintiffs are covered employees entitled to minimum wage compensation for all hours worked.

59. Plaintiffs worked without the benefit of being paid the minimum wage as set forth in federal law.

60. Defendant COCHRAN failed to compensate Plaintiffs at least the minimum wage.

61. The Defendant COCHRAN's failure to properly compensate the Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 206.

62. Defendant COCHRAN's failure to pay Plaintiffs proper wages was the result of intentional, willful misconduct, such that Plaintiffs are entitled to minimum wage payments for the entire period of their employment.

63. Plaintiffs are also entitled to liquidated damages as set forth under the FLSA.

64. As a direct and proximate result of the Defendant COCHRAN's actions, Plaintiffs obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

65. As a direct and proximate result of the Defendant COCHRAN's actions, Plaintiffs have suffered damages.

66. As a result of Defendant COCHRAN's conduct, Plaintiffs are entitled to unpaid wages, liquidated damages, prejudgment interest, attorney's fees and other penalties

**WHEREFORE**, Plaintiffs pray that judgment be entered in their favor and against the Defendant COCHRAN as follows: That Plaintiffs be awarded back wages, liquidated damages, prejudgment interest; that Plaintiffs be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiffs be awarded such other and further relief as the Court deems just and proper.

//

//

## <u>JURY DEMAND</u>

Plaintiffs further demand trial by jury.

Dated this 23rd day of January 2015

<u>s/Cathleen Scott</u>
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: <u>CScott@floridalaborlawyer.com</u>
Secondary e-mail: <u>mail@floridalaborlawyer.com</u>
CATHLEEN SCOTT & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:    (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
<u>www.FloridaLaborLawyer.com</u>
